UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: TR LABS PATENT LITIGATION                                    MDL No. 2396


TRANSFER ORDER


**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, AT&T Corporation (AT&T), Comcast Corporation, Sprint Nextel Corporation, Cox Communications, Inc., Windstream Corporation, tw telecom, inc., and Level 3 Communications, Inc., move to centralize this litigation in the District of New Jersey.[1] The motion encompasses the four actions listed on Schedule A.[2] Three of those actions are pending in the District of New Jersey and one action is pending in the District of Colorado. The Panel has been notified of two additional related actions, one pending in the District of New Jersey and the other in the Eastern District of Texas.[3]

TR Labs,[4] which is the owner or licensee of the eight patents at issue, opposes creation of an MDL to the extent it would encompass the first-filed infringement action (*Alberta Telecomms. Research Centre v. AT&T Corp.*) pending in the District of New Jersey, which TR Labs contends is too advanced to benefit from inclusion in centralized proceedings. TR Labs does not otherwise oppose centralization in the District of New Jersey. Verizon Services Corp., which is a party in the other two District of New Jersey constituent actions, does not oppose centralization, but "strongly believes" that if the actions are centralized, it should be in the District of New Jersey. Finally, Qwest Communications Company, LLC, and Qwest Corporation, which are among the defendants in the District of Colorado action, also support centralization in the District of New Jersey.

---

  [*]   Judge Marjorie O. Rendell took no part in the decision of this matter.

  [1]   AT&T is the defendant in the first-filed District of New Jersey. The remaining movants are some, but not all, of the defendants in the District of Colorado action.

  [2]   As filed, the Section 1407 motion encompassed a fifth action, which was a declaratory judgment action brought by Cisco Systems, Inc. (Cisco) in the Northern District of California, and Cisco was one of the Section 1407 movants. On August 31, 2012, however, the Northern District of California court dismissed that action (*Cisco Sys., Inc. v. Alberta Telecomms. Research Ctr., et al.*, No. 4:12-03293) for lack of subject matter jurisdiction. Movants initially sought centralization in the Northern District of California, but, following dismissal of Cisco's action, represented that they believed the District of New Jersey to be the more appropriate choice for transferee district.

  [3]   Those actions and any other related actions are potential tag-along actions. *See* Rules 1.1(h), 7.1, and 7.2.

  [4]   TR Labs refers collectively to Telecommunications Research Laboratories d/b/a TR Labs, and TR Technologies, Inc.

- 2 -

On the basis of the papers filed and hearing session held, we find that these four actions involve common questions of fact, and that centralization in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The subject actions – three infringement actions and one declaratory judgment action – share factual issues involving some or all of eight TR Labs patents, which concern the design and operation of telecommunications networks. Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings (on claim construction and other matters), and conserve the resources of the parties, their counsel, and the judiciary.

As mentioned, TR Labs opposes inclusion of the earliest-filed *AT&T Corp.* action in the centralized proceedings, arguing that doing so would effectively "restart" discovery in that action. It is frequently the case, however, that actions transferred to an MDL are in somewhat varying procedural postures. *E.g., In re: Unified Messaging Solutions LLC Patent Litig.*, — F. Supp. 2d —, 2012 WL 3143862, at *2 (J.P.M.L. Aug. 3, 2012) (rejecting argument of plaintiff patent licensee that two "more procedurally advanced" actions should be excluded from MDL, explaining that overall efficiencies to be gained would offset any delay resulting from centralization). Here, the record shows that the fact discovery period in the action remains open, and little, if any, expert discovery has taken place. The transferee judge possesses broad discretion to formulate a pretrial program that accounts for any significant differences among the subject actions and ensures that duplicative activity is minimized or eliminated. *See In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 731 F. Supp. 2d 1352, 1355 (J.P.M.L. 2010).

We conclude that the District of New Jersey is an appropriate transferee district for pretrial proceedings in this litigation. Three of the four constituent actions are pending there, including the first-filed action, which was commenced in August 2009. In addition, one of the two potential tag-along actions is pending in that district. With that action, all eight patents are now at issue in one or the other of the actions pending in that district. Finally and most importantly, Judge Peter G. Sheridan, to whom we assign this docket, is already presiding over all the District of New Jersey actions. In November 2011, the judge conducted a *Markman* hearing in the three actions then before him, and recently issued an extensive order construing 36 claim terms in seven of the eight patents. Given his familiarity with many of the issues that this litigation presents, Judge Sheridan is clearly the best choice to serve as transferee judge in this docket.

- 3 -

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending outside the District of New Jersey is transferred to the District of New Jersey, and, with the consent of that court, assigned to the Honorable Peter G. Sheridan for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil          W. Royal Furgeson, Jr.
Barbara S. Jones           Paul J. Barbadoro
Charles R. Breyer

**IN RE: TR LABS PATENT LITIGATION**                                   MDL No. 2396

## SCHEDULE A

<u>District of Colorado</u>

Telecommunications Research Laboratories, et al. v. Qwest Communications
    Company, LLC, et al., C.A. No. 1:12-00581

<u>District of New Jersey</u>

Alberta Telecommunications Research Centre v. AT&T Services Corp.,
    C.A. No. 3:09-03883
Alberta Telecommunications Research Centre v. Verizon Communications, Inc.,
    C.A. No. 3:10-01132
Verizon Services Corp. v. Alberta Telecommunications Research Centre,
    C.A. No. 3:11-01378